The defendant administered upon the estate of his father in 1837, and this suit was brought April, 1854, to recover one-half of the distributive share of Joseph Washburn, who had married Prudence, one of the daughters of the intestate, and one-half of her share of the money arising from the sale of the real estate of William Smith, the same intestate, of whom the said Prudence was one of the heirs-at-law. The defendant had purchased the interest of Joseph Washburn and his wife, in the real and personal estate of the said William Smith, and, as the plaintiff alleged, had sold to him one-half of the same by virtue of the following instrument of writing, viz: "Articles of agreement made and entered into, this 31st of October, 1836, between Samuel S. B. Smith and T. B. Wheeler, both of the county of Rockingham and State of North Carolina, witnesseth; that the said Samuel S. B. Smith, hath this day bargained and sold, and by these presents doth (409) bargain and sell to the said T. B. Wheeler, the one-half of the interest purchased of Joseph Washburn and his wife Prudence, by the said S. S. B. Smith, and purchased of his brother-in-law Joseph Washburn and his sister Prudence, legatees of the estate of William Smith, deceased, it being the whole of the said Washburn's interest and his wife's also, in and to the estate of the said William Smith, deceased, both real and personal, for the sum of fifty dollars, in hand paid by the said T. B. Wheeler, the receipt whereof is hereby acknowledged; and the said Wheeler further agrees and binds himself to pay one-half the amount to Joseph Washburn, of the amount which the said S. S. B. Smith agreed to pay the said Washburn for said claim, which was three hundred and thirty dollars, due and payable some time next year." Signed and sealed by the plaintiff and defendant, and delivered to a third person for safe keeping.
The plaintiff contends that, by force of this agreement, he became a joint-purchaser and co-partner of Washburn and wife. He alleges, in his bill, that the defendant, as administrator, took into his hands, and sold, the personal estate of William Smith, deceased, and received from that source a large amount of money, to wit, about six thousand dollars, of which, the share of Washburn and wife was one-eleventh part; that by a decree of the Court of Equity, the real estate of the said William Smith was sold, and in 1843, the money arising from this sale, went into the hands of the defendant, of which, the interest of *Page 339 
Washburn was one-tenth, subject to the widow's claim for her dower; so that the defendant, having possessed himself of both these funds, became, as plaintiff contends, a trustee, and liable to account to him for one-half of the share arising to Washburn and wife.
The bill further alleges, that the sum of fifty dollars, inserted in the agreement, was not paid, nor was intended to be paid, being inserted for form's sake only; and that the sum of one hundred and sixty-five dollars, mentioned in the deed of assignment, was not paid by him, either to Washburn or defendant; because, as he says, before the amount (410) became due to Washburn, the defendant had been appointed administrator, and had received assets to the large amount above stated, and he relied upon him, out of these assets, to pay and satisfy Washburn one-half of what was agreed to be paid him, which he excepted would be deducted out of his interest, on a settlement.
By a proceeding in the County Court of Rockingham, at the instance of John W. Wilson and wife, and others, who were distributees of the estate of William Smith, to which all the next of kin were parties, a final settlement, and decree was made and passed in the year 1841, by which the several shares with which the defendant, as administrator, was chargeable, were ascertained and adjudged to be paid, and that the share coming to Washburn was adjudged to be $483.26 3/4.
It was alleged further, in the bill, that in January, 1841, the defendant loaned the plaintiff $68.23, and took his bond for the same; that on 28th of February, 1843, he paid $40, and on 17th of February, 1844, he paid $25, which two sums are endorsed as credits on the bond.
It is further alleged, that in 1853, when the bond was shown to defendant by the plaintiff, the former said, "it was not as strong against him as he thought it was."
The defendant answered, insisting on the presumption arising from the length of time, and alleging matters not material to the view taken of the case as considered by the Court.
There were replication to the answer, commissions, and proofs. The testimony relied on to repel the presumption is recited in the opinion of the Court.
The contract, the execution of which the plaintiff seeks to enforce, was entered into on 31st of October, 1836. The distributive share of Joseph Washburn in the personal estate of William Smith, deceased, was ascertained at the August Term, 1841, of (411) *Page 340 
the County Court of Rockingham, and the defendant then became liable to the plaintiff for whatever he was entitled to claim under his contract. The real estate was sold, according to the plaintiff's statement, in the year 1843, the bill was filed April, 1854, more than ten years after the plaintiff's right of action accrued, and we cannot discover any thing to prevent the presumption of payment, satisfaction or abandonment, from being applied to it, under the 13th and 14th sections of the Revised Statutes, chapter 65. The alleged payments on the bond in 1843 and 1844, which the plaintiff had given to the defendant in January, 1841, rather favor than repel this presumption; for why should he pay money to defendant, when the latter had in his hands a much greater amount, to which he was entitled?
The declaration made by the defendant, when the written contract was shown to him, in 1853, "that it was not as strong against him as he thought it was," cannot be allowed to repel the presumption which the statute raises. It is manifest, that the beneficial operation of the statute would be lost, if such loose expressions of a party were allowed to defeat its object.
Per curiam.
The bill dismissed with costs.